UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                  :
SHIRIN MOVAHED RAKOCEVIC,                :
                           Plaintiff,         :
                                                  :         24 Civ. 2567 (LGS)
                    -against-                    :
                                                  :         **OPINION AND ORDER**
KOUTSOUDAKIS & IAKOVOU LAW GROUP, :
PLLC, et al.,                                               :
                                      Defendants.  :
------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

       Plaintiff Shirin Movahed Rakocevic brought this action pro se against Defendants Koutsouakis & Iakovou Law Group ("KI Legal") and Andreas Koutsoudakis for defamation, defamation per se, infringement and tortious interference with prospective economic advantage. Defendants move to dismiss the First Amended Complaint ("FAC") for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff, who is now represented, opposes the motion. For the reasons below, the motion is granted in part and denied in part.

**I.       BACKGROUND**

       The following facts are taken from the FAC and documents incorporated in the FAC by reference. *See Clark v. Hanley*, 89 F.4th 78, 93 (2d Cir. 2023). The Amended Complaint's allegations are assumed to be true for the purpose of this motion and construed in the light most favorable to Plaintiff as the non-moving party. *See Emilee Carpenter, LLC v. James*, 107 F.4th 92, 99 (2d Cir. 2024).

       Plaintiff is a corporate attorney who "help[s] start up and emerging companies with their corporate legal needs." In January 2022, she joined KI Legal as a partner and brought her clients to KI Legal. In July 2022, her job status changed to "of counsel." The relationship "did not

work out," resulting in Plaintiff and KI Legal amicably ending the relationship in November 2022.

On or about December 16, 2022, Jaclyn Milford, Plaintiff's former business associate, spoke with Koutsoudakis and made false allegations about Plaintiff. Koutsoudakis followed up with an allegedly defamatory email to Milford, which is described in the Complaint and was submitted on this motion by Defendants. In the email, Koutsoudakis said to Milford, "Based on the facts as you described them, it seems to me that you have compelling grounds for filing a complaint with [the New York or Florida attorney disciplinary authorities], and we would cooperate with them without hesitation." On February 1, 2023, Milford, through counsel, filed an action against Plaintiff in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida ("Florida action"). In or around March 2023, Defendants falsely stated to Milford that Plaintiff was terminated from her position as a partner with KI Legal.

In January 2023, Kayce White, a client Plaintiff brought to KI Legal, followed up with Plaintiff on her legal matter. Plaintiff explained to White that Plaintiff is no longer at KI Legal and asked White to transfer her retainer to Plaintiff's firm. After White contacted KI Legal, she ceased any communications with Plaintiff, which Plaintiff believed was due to Defendants' misconduct.

Koutsoudakis contacted Plaintiff's clients, including Nikolaos Travlos, and made defamatory statements to them by repeating Milford's false allegations. Koutsoudakis told Travlos that Plaintiff had defrauded a client -- referring to Milford -- out of her multi-million-dollar company by surreptitiously adding herself as a director and then conducting a hostile takeover of the company; that Travlos should be concerned about Plaintiff working on his

corporate matters; and that Plaintiff may draft resolutions to seize unauthorized control of Travlos's business.

## II.  STANDARD

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007));[1] *accord Emilee Carpenter, LLC*, 107 F.4th at 99.  It is not enough for a plaintiff to allege facts that are consistent with liability; the complaint must "nudge[] . . . claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570; *accord Buon v. Spindler*, 65 F.4th 64, 85 (2d Cir. 2023).  Under Rule 12(b)(6), a court "accept[s] as true all well-pleaded factual allegations, draw all reasonable inferences in the plaintiff's favor, and assess the complaint to determine whether those allegations plausibly establish entitlement to relief." *Tripathy v. McKoy*, 103 F.4th 106, 113 (2d Cir. 2024).  A court is "not bound to accept as true a legal conclusion couched as a factual allegation, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Buon*, 65 F.4th at 76.

The FAC at issue on this motion was drafted by Plaintiff acting pro se.  Courts generally construe pro se submissions liberally and read them "to raise the strongest arguments they suggest." *Publicola v. Lomenzo*, 54 F.4th 108, 111 (2d Cir. 2022).  But "a lawyer representing [herself] ordinarily receives no such solicitude at all." *Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010); *accord Xu v. Direxion Shares ETF Tr.*, No. 22 Civ. 5090, 2023 WL 5509151, at *4 n.12 (S.D.N.Y. Aug. 25, 2023).

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

New York law governs the common law causes of action in this case because the parties' submissions assume that it does. *See In re Snyder*, 939 F.3d 92, 100 n.2 (2d Cir. 2019) ("[I]mplied consent is . . . sufficient to establish the applicable choice of law.").

## III.   DISCUSSION

The FAC alleges defamation (Count I), defamation per se (Count II), infringement (Count III) and tortious interference with prospective economic advantage (Count IV). For the following reasons, the claim for defamation per se is dismissed in part and sustained in part. The remaining counts are dismissed. Count III is deemed abandoned because Plaintiff's opposition, filed through counsel, does not address Defendants' arguments in support of dismissal. *See Emanuel v. City of New York*, No. 23 Civ. 2980, 2024 WL 3638328, at *4 (S.D.N.Y. Aug. 2, 2024).

### A.   Claims for Defamation and Defamation Per Se

The FAC alleges that the following statements are defamatory: (1) Koutsoudakis statement to Milford in a December 16, 2022, email stating that she "had compelling grounds for filing a complaint" against Plaintiff, (2) Koutsoudakis's March 2023 statement to Milford that Plaintiff had been terminated from KI Legal, (3) certain allegedly defamatory statements that Koutsoudakis made to Travlos about Plaintiff and (4) Defendants' statements to Plaintiff's other clients repeating Milford's allegations.

The motion to dismiss the defamation claims in Counts One and Two are granted in part and denied in part in sum as follows and further explained below. The first two allegedly defamatory statements are time-barred. Regarding the third set of statements, the FAC states a claim for defamation per se in Count Two against Koutsoudakis, based on two statements he made to Travlos: (1) that Plaintiff had defrauded a client out of her multi-million-dollar company

4

by surreptitiously adding herself as a director and then conducting a hostile takeover of the company and (2) that Plaintiff may draft resolutions to seize unauthorized control of Travlos's business. Katsoudakis's warning to Travlos that he should be concerned about Plaintiff working on his corporate matters is not actionable. The fourth category of statements, which Defendants allegedly made to other clients, is not specific enough to support a defamation claim. The allegations against KI Legal similarly do not state a claim. The cause of action for defamation in Count One is dismissed because it is duplicative of the defamation per se claim in Count Two.

1.     **Statements that are Time Barred**

The first two statements do not support a defamation claim because they are time barred under New York's one-year statute of limitations. *See* CPLR § 215(3). "The lapse of a limitations period is an affirmative defense that a defendant must plead and prove," and "often require[s] consideration of facts outside of the complaint . . . ." *Michael Grecco Prods., Inc. v. RADesign, Inc.*, 112 F.4th 144, 149 (2d Cir. 2024). "Dismissal under Rule 12(b)(6) is therefore appropriate only if it is clear from the face of the complaint . . . that the plaintiff's claims are barred as a matter of law." *Id.* The limitations period for defamation starts to run from the date on which the defamatory statement was made. CPLR § 215(3); *Gregoire v. Putnam's Sons*, 81 N.E.2d 45, 47 (N.Y. 1948); *accord Biro v. Conde Nast*, 95 N.Y.S.3d 799, 800 (1st Dep't 2019). The FAC expressly alleges that the first two challenged statements occurred before April 2023 and therefore cannot be the basis for this action filed in April 2024. The fact that Plaintiff did not discover the statements until May 2023 is legally irrelevant. *See Biaggi v. O'Flynn*, 187 N.Y.S.3d 657 (1st Dep't 2023) ("[T]he fact that the libel may not have been discovered until later [than one year] matters not.").

Plaintiff's argument for equitable tolling is unavailing because the FAC does not allege "later acts of deception by which the [D]efendants concealed their wrongdoing," which are required for equitable estoppel under New York law. *See Corsello v. Verizon New York, Inc.*, 967 N.E.2d 1177, 1184 (N.Y. 2012); *APR Energy Holdings Ltd. v. Deloitte Tax LLP*, 176 N.Y.S.3d 20, 23 (1st Dep't 2022) (refusing to revive a time-barred malpractice claim without allegations of fraud beyond mere covering up of the wrongdoing). "[A] defendant is estopped from pleading a statute of limitations defense if the plaintiff was induced by fraud, misrepresentations or deception to refrain from filing a timely action." *Ross v. Louise Wise Servs., Inc.*, 868 N.E.2d 189, 198 (N.Y. 2007); *accord Liberty Square Realty Corp. v. Doe Fund, Inc.*, 161 N.Y.S.3d 19, 26 (1st Dep't 2021). Here, the FAC alleges that Defendants made statements to Plaintiff's clients in a manner not easily discoverable by Plaintiff, but nothing to indicate that Defendants engaged in fraud or deception to conceal the alleged defamation. "The uncommon remedy of equitable estoppel is triggered by some conduct on the part of the defendant[s] after the initial wrongdoing; mere silence or failure to disclose the wrongdoing is insufficient." *Ross*, 868 N.E.2d at 198; *accord APR Energy Holdings Ltd.*, 176 N.Y.S.3d at 23.

The third basis for the defamation claims consists of multiple statements, at least some of which may have been timely. Defendants' statements to Travlos were discovered in May 2023. Construed most favorably to Plaintiff, the allegedly defamatory statements could have been made on or after April 4, 2023, making claims based on those statements timely.

### 2. Statements to Unspecified Clients

Plaintiff's claim based on Defendants' statements to unidentified clients is dismissed. To plead a defamation claim with sufficient specificity in federal court, a plaintiff must provide at least "an indication of who made what statements, when, and to whom." *Flaherty v. Dixon*, No.

22 Civ. 2642, 2023 WL 2051861, at *5 (S.D.N.Y. Feb. 16, 2023).  The FAC's general allegation that "Defendants" defamed Plaintiff by repeating to "her clients" Milford's "false allegations" does not plead sufficient particulars to state a claim.

### 3. Defamation Claims against KI Legal

The defamation claims against KI Legal are dismissed because the FAC does not allege facts to support the firm's derivative liability for actionable misconduct by an individual.  For example, the FAC does not allege facts to show that Katsoudakis was an agent of KI Legal acting within the scope of his authority when he made the allegedly defamatory statements to Travlos.  *See Standard Funding Corp v. Lewitt*, 678 N.E.2d 874, 876-77 (N.Y. 1997) (refusing to find the principal liable when the agent acted outside the scope of the agent's authority); *Shawmut Woodworking & Supply, Inc. v. ASICS Am. Corp.*, 80 N.Y.S.3d 216, 217 (1st Dep't 2018) (dismissing claim against the principal when the complaint does not give rise to the appearance that the purported agent acted within his authority).

### 4. Actionable Statements to Travlos

The FAC adequately pleads a defamation per se claim based on two of Koutsoudakis's three allegedly defamatory statements to Travlos.  The third statement is not actionable because it is an opinion.  To sustain a defamation claim under New York law, a complaint must plead the following elements:

> (a) a false statement that tends to expose a person to public contempt, hatred, ridicule, aversion, or disgrace, (b) published without privilege or authorization to a third party, (c) amounting to fault as judged by, at a minimum, a negligence standard, and (d) either causing special harm or constituting defamation per se.

*Long Island Thoracic Surgery, P.C. v. Bldg. Serv. 32BJ Health Fund*, 188 N.Y.S.3d 570, 572 (2d Dep't 2023); *accord Palin v. New York Times Co.*, 940 F.3d 804, 809 (2d Cir. 2019) (stating the elements under New York law for libel, which is defamation in written form).

Regarding the first element's requirement for a false statement, "only statements alleging facts," not opinions, "are capable of being proven false." *Davis v. Boeheim*, 22 N.E.3d 999, 1004 (N.Y. 2014). "While a pure opinion cannot be the subject of a defamation claim, an opinion that implies that it is based upon facts which justify the opinion but are unknown to those reading or hearing it, is a mixed opinion and is actionable." *Davis*, 22 N.E.3d at 1004. Construed most favorably to Plaintiff, the FAC alleges that Defendant made one statement of fact (that Plaintiff had defrauded Milford and took over her company), one mixed opinion (that Plaintiff may draft resolutions to seize Travlos company, implying that she had done something similar) and one nonactionable pure opinion (that Travlos should be concerned about Plaintiff handling his corporate matters). The first two of these are actionable.

The second element is satisfied because the two actionable statements were made to Travlos, a third party, without privilege or authorization. Contrary to Defendants' assertion, the litigation privilege does not apply. New York courts accord "absolute immunity from liability for defamation" to "oral and written statements made by attorneys in connection with a proceeding before a court when such words and writings are material and pertinent to the questions involved." *Gottwald v. Sebert*, 220 N.E.3d 621, 628 (N.Y. 2023). But Katsoudakis's statements to Travlos are not alleged to have been made "in connection with a proceeding before a court." *Id.* The FAC does not allege that Koutsoudakis repeated allegations from Milford's Florida lawsuit, as Defendants' assert. The FAC alleges that Koutsoudakis repeated Milford's false allegations, which a prior paragraph of the FAC describes as having been made directly by Milford to Koutsoudakis. The cases, on which Defendants relied, are distinguishable because all addressed statements made in connection with a court proceeding.

The third requirement of negligence is satisfied because the FAC alleges that Koutsoudakis did "not know[] any of the facts surrounding [Plaintiff's] relationship with Milford or conduct[] any due diligence to confirm the truth or veracity of the allegations being made by Milford against [Plaintiff]."

The fourth element is satisfied because the actionable statements "would tend to cause injury to [Plaintiff in her] profession" as an attorney and therefore constitute defamation per se. *Geraci v. Probst*, 938 N.E.2d 917, 922 (N.Y. 2010). The actionable statements directly address Plaintiff's conduct counselling clients and go to the heart of her professional integrity. *See Luo & Assocs. V. NYIS Law Firm, A.P.C.*, 180 N.Y.S.3d 139, 140 (1st Dep't 2022) (sustaining attorney plaintiffs' defamation per se claim against law firm defendant's statements about plaintiffs' former client's litigation against them and potential suspension of plaintiffs' law license).

### 5. Defamation Claim in Count One

Count One alleges defamation, and Count Two alleges defamation per se. The difference between the two causes of action is that certain types of statements are considered so injurious that harm is assumed, and New York law does not require pleading or proof of special (i.e., economic) damages. This distinction is reflected in the fourth element for a defamation claim -- that the statement either caused "special harm or is defamation per se." *See Meer Enters., LLC v. Kocak*, 105 N.Y.S.3d 415, 418 (explaining that a successful defamation per se claim "need not allege special damages"). Because the two actionable statements impugn Plaintiff's professional integrity and therefore constitute defamation per se, Count One for defamation is duplicative of Count Two for defamation per se.

9

### 6. Anti-SLAPP law

Defendants argue without success that Plaintiff cannot recover damages for defamation under New York Civil Rights Law § 76-a, commonly known as New York's anti-SLAPP law. Under this law, a plaintiff cannot recover damages for a false statement "in an action involving public petition and participation" unless she establishes "by clear and convincing evidence that [the relevant] communication . . . was made with knowledge of its falsity or with reckless disregard of whether it was false . . . ." N.Y. Civ. Rights L. § 76-a(2). In relevant part, the statute defines an "action involving public petition and participation" as a claim based on (1) "any communication *in . . . a public forum* in connection with *an issue of public interest*" or (2) "any other lawful conduct in furtherance of the exercise of the constitutional right of free speech in connection with *an issue of public interest*." *Id.* § 76-a(1) (emphasis added). The law requires courts to construe "broadly" the term "public interest" to "mean any subject other than a purely private matter." *Id.* § 76-a(1)(d). Defendants' statements are not protected by the anti-SLAPP statute because they concern "a purely private matter" and were directed only to a limited, private audience. *See Miller v. Appadurai*, 185 N.Y.S.3d 93, 94 (1st Dep't 2023), *leave to appeal denied*, 217 N.E.3d 709 (N.Y. 2023). The focus of the challenged statements was to dissuade Plaintiff's clients from continuing their business with her.

Defendants' motion to dismiss is denied as to Koutsoudakis's two alleged statements to Travlos that Plaintiff had defrauded a client out of her business and that Plaintiff may draft resolutions to seize Travlos's business.

### B. Tortious Interference with Prospective Economic Advantage

The FAC fails to state a claim for tortious interference with prospective economic advantage. To do so, a plaintiff must allege "(1) business relations with a third party, (2) the

defendant's interference with those business relations, (3) the defendant acted for the sole purpose of harming plaintiff or used wrongful means, and (4) injury to the business relationship." *Valkyrie AI LLC v. PriceWaterhouseCoopers LLP*, 221 N.Y.S.3d 101, 103 (1st Dep't 2024). "For this cause of action it must be affirmatively alleged that the defendant's conduct was motivated solely by malice or to inflict injury by unlawful means going beyond mere self-interest or other economic considerations." *Id.*

None of Plaintiff's three alleged business relationships identified in the FAC, with Milford, Travlos and White, respectively, sustains a tortious interference claim.  As to Milford, nothing in the FAC suggests that Plaintiff had "a business relationship" with her when Koutsoudakis spoke with her.  The FAC describes Milford in December 2022 as a "former business associate."  As to Travlos and White, Defendants' communications with them were at least partly motivated by the prospect of engaging or keeping them as clients.  The tortious interference claim fails for the additional reason that the FAC does not support the inference that Defendants' alleged misconduct was "solely [out of] malice."  *Valkyrie AI LLC*, 221 N.Y.S.3d at 103.

## C.    Plaintiff's Request for Leave to Amend

A "court should freely give leave [to amend a pleading] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "Where a district court cannot rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim, a pro se complaint should not be dismissed without granting leave to amend at least once."  *Elder v. McCarthy*, 967 F.3d 113, 132 (2d Cir. 2020).  Although courts generally take a liberal approach in permitting pro se plaintiffs to amend their pleadings, "leave to amend need not be granted when amendment would be futile."  *Terry v. Inc. Vill. of Patchogue*, 826 F.3d 631, 633 (2d Cir. 2016).  If Plaintiff

11

believes that she can cure the deficiencies identified in this opinion, she may seek leave to replead Count II only as repleading the other counts would be futile.  Plaintiff may file a proposed Second Amended Complaint as an attachment to a letter explaining how the amended complaint addresses the deficiencies identified in this Opinion, no later than February 14, 2025.

## IV.  CONCLUSION

For the reasons stated above, Defendants' motion is **DENIED in part** and **GRANTED in part**.  The following claims in the FAC are dismissed: defamation (Count I), infringement (Count III) and tortious interference with prospective economic advantage (Count IV).  The claim for defamation per se (Count II) is dismissed except against Koutsoudakis for his statements to Travlos that Plaintiff had defrauded Milford out of her company and that Plaintiff may draft unauthorized resolutions.  Defendant KI Legal is dismissed.  Plaintiff may, but is not required to, seek to replead by February 14, 2025, as set forth above.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 47.

Dated: January 28, 2025
       New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**